IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00260-CV

 

Karl Paul Mattlage,

                                                                                    Appellant

 v.

 

Celeste Mattlage, Individually 

and as Executrix of the Estate of 

Marvin Mattlage, Mark Mattlage, 

and Robert Snowden,

                                                                                    Appellees

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2006-2947-5

 



DISSENT to order denying

MOTION FOR REHEARING










 

            The issue in this summary judgment
proceeding is whether we are going to allow a fact finder to decide a factual
dispute, or whether we will frame the issue as a legal question and thus
resolve it ourselves.  I’ll go with the jury trial on the facts of this case.

            Karl Mattlage stresses on rehearing
two factors that have caused me to change my opinion of the proper result in
this appeal.  The two issues are (1) whether the waiver of a specific clause in
a real estate contract had the legal effect argued by the party; and (2) what
do we do with newly discovered evidence, evidence not before the trial court at
the time of the summary judgment hearing?  Both issues are critical to the
prior disposition but I believe the second issue to have the potential for more
frequent statewide implications.

            The opinion on original submission
presents the issues and the general law sufficiently so I will not repeat them
herein.  What was omitted from the prior recitation of facts was a complete
quotation of the alleged waiver of the financing contingencies.  That alleged
waiver was in the form of a letter as follows:

                                                                        1309
Villa Mill Alley

                                                                        Key West, FL 33040

                                                                        July
15, 2004

 

Mr. and Mrs. Marvin Mattlage

3218 Canaan Church Road

Crawford,
 TX  76638

 

Re:      Farm and Ranch Contract last dated
February 6, 2004 (“Contract”) by and between Marvin William Mattlage and his
wife, Celeste Mattlage (“Seller”) and Mark D. Mattlage and Robert J. Snowden
(“Buyer”) for the “Home Place” of Marvin William Mattlage, 3218 Canaan Church
Road, Crawford, TX 76638 (“Property”) AND Unimproved Property
Contract last dated February 6, 2004 (“Land Contract”) by and between Celeste
Mattlage (“Seller”) and Mark D. Mattlage and Robert J. Snowden (“Buyer”) for
1.05 acres of the F. Scranton Survey, abstract #0787.00522, City of Crawford,
McLennan County, Texas (“Property”)

 

Subject:          Waiver of Contingency Clause

 

Dear Marvin (Dad) and Celeste:

 

In accordance with the terms of the
above-referenced Contract and Land Contract, although we have not sold and
closed on the sale of our property at 1309 Villa Mill Alley, Key West, Florida,
we hereby submit in writing our waiver of the “Sale of Buyer’s Property” clause
in the Miscellaneous Clauses section of both the Contract and Land Contract
thus removing this contingency and all financing contingencies and continuing
with the Contract and Land Contract.

 

Please let us know if you have any questions
regarding this matter.

 

                                                            Sincerely,

                                                                
/s/

                                                            Mark
D. Mattlage

                                                               
/s/

                                                            Robert
J. Snowden

 

            Now what is important here is that the
actual language of the letter only waives one clause of the contract:

. . . we hereby submit in writing our waiver of
the “Sale of Buyer’s Property” clause in the Miscellaneous Clauses section . .
.

 

The buyer’s letter then purports to state the
legal effect of this waiver:

. . . thus removing this contingency and all
financing contingencies . . .

 

The problem is that the legal effect of the waiver
of the specific clause waived – the “Sale of Buyer’s Property” clause – would
not have the legal effect now argued by the buyer of also waiving the “Special
Provisions: 1” clause.  This clause provides as follows:

11.       SPECIAL PROVISIONS:  This sale
is contingent upon the following:

            1.  The property shall appraise for
at least $400,000.00, however, in the event is shall appraise for less than
said purchase price, Seller, Marvin William Mattlage, will agree to carry a
short term lien note for the difference.  (Emphasis in original.)

 

            While this “Special Provisions” clause
also relates to an aspect of the financing of the purchase price, the question
– the fact question – is whether the buyers also waived the “Special Provisions”
clause.  Today the buyer’s motivation is to say:  “Sure, we intended to waive
that clause too!”  But the motives have changed.  Looking at the contract as of
the date of the purported waiver, and if that waiver had the effect now argued
by the buyers and as determined by the court, and further if the buyers were,
have been, and are ready, willing, and able to close on the sale for the cash
consideration of $400,000, why did the sale not close at that time, or before
Marvin’s death, or within a reasonable time thereafter?  Were the buyers just
stalling - waiting for the inevitable?

            Thus, I would hold that there is a
fact question on the scope of what was waived, reverse the summary judgment,
and remand to the trial court for further proceedings.

Scope of Summary Judgment
Record

            This brings forth the issue of broader
importance.  When, as here, evidence is discovered after the summary judgment,
does it serve the purpose of summary judgment proceedings for the appellate
court to ignore that evidence?  Because I would remand this entire proceeding
for further proceedings in the trial court, proceedings in which this evidence
could be used to whatever extent and for whatever purpose is appropriate, I
need not decide the issue.  But I make the observation that it seems a waste of
judicial resources to have to pursue an appeal and a trial court proceeding
related to newly discovered evidence at the same time.  At the very least,
when, as here, there was a summary disposition at the trial level, we should be
careful about turning a blind eye to newly discovered evidence.  Maybe that is
the time to use the Greek goddess of justice who appears without a blindfold as
our inspiration, rather than the Roman concept which is traditionally
blindfolded,[1] and
actually look at the scales of justice to see in which direction they are
inclined so that they may be righted – a concept at which jurors are uniquely
suited.

            Based on the foregoing, I withdraw my
vote to affirm the trial court’s judgment and, instead, dissent to the Court’s denial
of the motion for rehearing.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to order delivered and filed December 12, 2007

To
be published with opinion issued November 7, 2007









[1]
See http://lib.law.washington.edu/ref/themis.html.